THOMAS P. MILLER, Appellant, *v.* THOMAS S. NOONAN, Respondent.

### June 13, 1882.

An agreement by which a mortgagee agrees not to foreclose within a year, and the mortgagor agrees to convey the equity of redemption to any one to whom the mortgagee may sell, the receipts of such sale to be equally divided between them, is not a covenant running with the land.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Affirmed*.

S. P. GALT, for the appellant.

H. I. D'ARCY, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

The petition in this case alleges that one Creamer was, on the 8th of December, 1880, the owner of certain real estate in St. Louis, which is described. This real estate was encumbered by a deed of trust to one Emerson, as trustee, to secure promissory notes for $3,445.19. Emerson, under this deed, advertised the property for sale for default in payment of the notes. Creamer, to stop the sale and avoid a sacrifice of the property, entered into an agreement in writing with plaintiff, which was signed by the parties, and duly acknowledged and recorded, dated December 8, 1880, by which, in consideration that plaintiff would take up and carry the notes aforesaid, and also pay the sum of $249.24, which was due by Creamer, and a lien on the premises, Creamer agreed to sell and convey the premises aforesaid, at any time within twelve months, to any purchaser, and at such price as plaintiff might direct, the proceeds in excess of $3,445.19 to be equally divided between Creamer and plaintiff. Plaintiff carried out the agreement on his part; paid to the holder of the notes $3,445,19, and paid the sum of $249.24 further due on the property. Afterwards, defendant T. S. Noonan, knowing the existence and terms of this agreement, without the knowledge or consent of plaintiff, obtained a deed for the property in question from Creamer and wife, and is now the owner of the same. Upon becoming the owner of the property, Noonan paid plaintiff the amount due upon the notes aforesaid, and satisfied the same, and the notes and deed of trust were then surrendered to Noonan by plaintiff. Afterwards, Noonan, seeking to deprive plaintiff of his rights under said agreement, and of his interest in the property, by selling the property in said deed of trust, at which sale an innocent

purchaser would acquire the same discharged from plaintiff's interest therein, applied to the circuit court to appoint a new trustee in the place of Emerson, who declined to act, and defendant D. F. Noonan was, in consequence of this application, appointed such trustee. This new trustee has advertised the property for sale under the deed of trust, at the request of defendant T. S. Noonan, for non-payment of the notes, which have in fact been fully paid, and the deed satisfied as aforesaid. On the 15th of August, 1881, plaintiff directed Noonan to sell the premises in question to plaintiff, and to convey the same to him for $6,500, which sum plaintiff then offered to pay to T. S. Noonan, and is always ready to pay to him ; but T. S. Noonan refuses to receive the same or to make such conveyance. Plaintiff prays that defendants be enjoined from making sale under the deed of trust, and that the same be decreed satisfied, and that defendant T. S. Noonan be ordered to make a deed conveying the premises to plaintiff in consideration of $6,500, and for general relief.

The petition was filed on August 6, 1881. Defendants demurred, on the ground that the petition does not set forth facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff declining further to plead, there was final judgment.

The agreement between Creamer and plaintiff does not seem to convey any interest in the real estate to plaintiff. It is not a covenant that Creamer will convey to such person as Miller shall designate, but seems to be an agreement that there shall be no foreclosure within a year, and that if within that time a purchaser is found who will give anything for the equity of redemption, Creamer is to convey to him, and to pay Miller for his trouble, etc., in the matter, one-half of the proceeds of the sale of the equity of redemption.

Unless this agreement between Miller and Creamer is to be regarded as an informal conveyance of an interest in the premises, we do not think that a court of equity ought to

compel Noonan, who is a third person and a stranger to the agreement, to respect it.

It does not at all follow that, because by the moral law Noonan may have been held to abstain from interference with the contract between Creamer and Miller, a court of equity can interfere. There are imperfect obligations, which the courts do not undertake to enforce. So long as Noonan was guilty of no fraud upon Creamer, his conveyance from Creamer would not be affected by the fact that he induced Creamer to make it in violation of his contract with Miller. For this breach of faith, Miller might have his action against Creamer; but there was no privity of contract between Miller and Noonan, and, if there was no privity of estate between them, it does not appear how Miller can have relief against Noonan.

" It is not enough," says Lord Kenyon in *Webb* v. *Russell* (3 T. R. 402), " that a covenant is concerning the land, but, in order to make it run with the land, there must be a privity of estate between the covenanting parties." Covenants of title (such as are not broken as soon as made), run with the land because they are considered as dependent on the grant, and annexed to it as part and parcel of the contract. But, all covenants concerning lands are not real covenants. Where there is a privity of estate between the covenantor and the covenantee, and the covenantor assigns his estate, the privity of estate thus created with the assignee and the covenantee makes the assignee liable on all such covenants as regulate the mode of occupying the estate, and such like covenants concerning the same. But, where there is no privity of estate between the contracting parties, the assignee of the estate will not be bound by covenants between the contracting parties, though they relate to land he takes from one of the parties to the contract. In such cases (and the case at bar is such a case) the covenants are personal, and do not run with the land. *Hurd* v. *Carty*, 19 Pick. 459.

Inasmuch as there appears to have been no conveyance to Miller of any interest in the land, Noonan is not affected by notice of the agreement between Creamer and Miller, that Creamer would convey to such purchaser as Miller might find within a year, and pay to Miller fifty per cent of the purchase-money. It cannot be said that Noonan had any interest as holder of the notes secured by deed of trust, for the allegation of the petition is not that Noonan bought and held the notes, but that he paid them, and that the deed of trust is paid and satisfied. If this be true, it might furnish a ground for restraining the contemplated foreclosure, in some supposable case. But as Miller is not shown to have interest in the land at law or in equity, it does not appear how this can affect him.

The judgment is affirmed. All the judges concur.