MILLER, *Appellant*, v. NOONAN *et al.*

Mortgage : AGREEMENT : COVENANT RUNNING WITH LAND. An agreement by which a mortgagee agrees not to foreclose within a year, and the mortgageor agrees to convey the equity of redemption to any one to whom the mortgagee may sell, the receipts of such sale to be equally divided between them, is not a covenant running with the land. *

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Smith P. Galt* for appellant.

(1) Creamer's agreement to "sell to any purchaser

* This syllabus is taken from 12 Mo. App. 370.

and at any price plaintiff might direct," is an agreement to sell to plaintiff, if he so direct. (2) It being an agreement to sell, it ran with the land, and Noonan purchasing with full knowledge of that agreement, cannot thus defraud Miller, but stands in Creamer's shoes, and must carry out his agreement. Story's Eq. Jur. (11th Ed.) secs. 395, 396; Pomeroy's Eq. Jur., sec. 1404.

*D. T. Jewett* for respondents.

(1) The demurrer was properly sustained, as plaintiff shows on the face of the bill that he has no interest in the land described, having been paid by defendant, Thomas Noonan, the notes which he held against it and his. 13 Cent. L. Jour., p. 178. (2) The agreement sued on, which gave plaintiff a right to commissions if he could find a purchaser for the land within a certain time, is not one that "runs with the land," or gives a cause of action against the grantee. The only recourse of the agent is, at law, against his principal, for breach of contract. *Cole v. Hughes*, 64 N. Y. 444; *Dana v. Wentworth*, 111 Mass. 291; *Clayton v. Owens* (Md.), 7 S. L. Rev. p. 468; 2 Washb., R. Prop., p. 286. (3) Though plaintiff may have had, under the agreement, an interest in the land to the extent of his commissions, he surely could not sell it to himself. *Wardell v. R. R. Co.*, 103 U. S. 651; *Marsh v. Whitmore*, 21 Wall. 178; *Stewart v. Mather*, 32 Wis. 344; *Gardner v. Ogden*, 22 N. Y. 327–41; *Scribner v. Collar*, 40 Mich. 375; Story on Agency, sec. 210, *et seq.* (4) Plaintiff, even if he sold to a third party at a fair price, could not maintain a suit for specific performance against his principal. *Barnard v. Mornot*, 2 Keys 203. (5) And of course he cannot maintain it in favor of himself, when developed into a vendee *at his own figures*. *Allen v. Berryhill*, 27 Iowa 534; *Foll's Appeal*, 91 Pa. St. 434; *Maxwell v. Port Tennant Co.*, 24 Beav. 495; 2 Lindley on Part., 587 (Ewell Ed.); *Black v. Allison*, 56 N. Y. 366; *Fish v. Lightner*, 44 Mo. 268–72.

Stephens v. The City of Macon.

MARTIN, C.—This is a suit in equity for enjoining a sale under a deed of trust, for declaring a satisfaction of said deed, and decreeing specific performance of a contract relating to the sale of the land contained in the deed.

The defendants demurred to the complaint, and, the plaintiff refusing to plead further, final judgment was entered for defendants, dismissing the bill, from which plaintiff appealed to the St. Louis court of appeals, in which the judgment was affirmed. From this judgment of affirmance the plaintiff brings the case here on appeal. I have examined the record and considered the points urged for a reversal of the judgment rendered in the circuit and appeals courts, and am of the opinion that the demurrer was properly sustained. Accordingly, for the reasons given in the opinion of the court of appeals, 12 Mo. App. 370, the judgment is affirmed. All concur, except Hough, C. J., absent.